IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALEJANDRO ART SANCHEZ,           )
                                 )
        Petitioner,              )
                                 )
vs.                              )   Case No. 06-CV-405-TCK-PJC
                                 )
MICHAEL W. ROACH,                )
United States Marshal,           )
                                 )
        Respondent.              )

## OPINION AND ORDER

On August 3, 2006, Petitioner, a prisoner presently incarcerated at Dick Conner Correctional Center, located in Hominy, Oklahoma, and appearing *pro se*, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) and an Affidavit (Dkt. # 2). He also paid the $5.00 filing fee required to commence this action. Petitioner indicates his request for habeas corpus relief constitutes an "emergency." For the reasons discussed below, the Court finds the petition shall be dismissed for lack of jurisdiction.

### *BACKGROUND*

Petitioner has attached to his petition a copy of a Detainer directed from the United States Marshal for the Western District of Oklahoma to Custer County, Arapaho, Oklahoma. See Dkt. # 1, Ex. A. The Detainer, dated June 21, 2002, indicates that the United States District Court for the Southern District of California has issued an arrest warrant charging Petitioner with violation of the conditions of probation and/or supervised release. Id. Petitioner also indicates that he filed motions to dismiss with prejudice and "for supplemental" in his criminal case in the United States District

Court for the Southern District of California, Case No. 99-CR-1245, arguing that the detainer warrant should be dismissed since it expired on July 2, 2004, the date his term of supervised release was scheduled to expire. See Dkt. # 1 at 3. Petitioner also argued that the United States District Court for the Southern District of California has lost authority to sentence him for violating the conditions of supervised release after expiration of the term of supervised release. See id. According to Petitioner, the Hon. John H. Rhoades denied his motions on April 25, 2006. Petitioner indicates he has commenced an appeal in the United States Court of Appeals for the Ninth Circuit, No. 06-50315, from the denial of his motions filed in S.D. Calif. Case No. 99-CR-1245. Id.

Petitioner has also attached a copy of a letter to the United States Marshal advising of the pendency of the instant petition and requesting that "the detainer be withdrawn or that I not be transferred out of the United States District in Oklahoma, to United States District in California, upon my scheduled discharge of sentence on charge unrelated to the federal conspiracy violation on or about August 16, 2006." See Dkt. # 1, Ex. C. Petitioner indicates that he was received into custody in the Oklahoma prison system on or about June 20, 2002.

Petitioner asserts two (2) grounds for relief in his § 2241 petition filed in this Court:

Ground One:   The district court lack (sic) jurisdiction to revoke supervised release because a valid warrant was not issued within the supervision period as required by 18 U.S.C. § 3583(I).

Ground Two:   A district court's jurisdiction to revoke supervised release cannot be extended beyond the term of supervision under 18 U.S.C. § 3583(I) based upon a warrant, if the warrant was not issued upon probable cause, supported by oath or affirmation, as required by the Fourth Amendment of the United States Constitution.

(Dkt. # 1 at 5A-5B).

*ANALYSIS*

Title 28 of the United States Code provides in relevant part: "(c) The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See Rule 2(c), *Rules Governing Section 2254 Cases* (amended Dec. 1, 2004) (applicable to § 2241 petitions through Rule 1(b)). Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing Section 2254 Cases*. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985).

In this case, Petitioner has already challenged the validity of the detainer in the United States District Court for the Southern District of California, the Court issuing the detainer. The Court takes judicial notice that in those proceedings, Petitioner raised the same claims presented here,[1] that the District Court has unconstitutionally issued a detainer for his return to federal custody upon his release from state custody. (Dkt. # 1). This Court has also confirmed that by Order filed April 25, 2006, in S.D. Calif. Case No. 99-CR-1245, the sentencing court denied Petitioner's request for dismissal of the warrants and the detainer, specifically finding that pursuant to 18 U.S.C. § 3624(e)

---

[1]The Court has viewed electronically using the Web PACER site the pleadings filed in S.D. Calif. Case No. 99-CR-1245 to confirm that the claims raised by Petitioner in the instant case were in fact raised and rejected in Petitioner's criminal case. See www.casd.uscourts.gov.

(providing that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime"), Petitioner's period of supervised release has not yet expired, as alleged by Petitioner. Petitioner has commenced an appeal from the District Court's denial of relief in the Court of Appeals for the Ninth Circuit. Because Petitioner's appeal of the denial of his motion remains pending before the Ninth Circuit, this Court lacks jurisdiction to entertain Petitioner's § 2241 petition. See Milovanovic v. Samuels, 2006 WL 1540930 (D. N.J. May 31, 2006) (unpublished) (dismissing for lack of jurisdiction a § 2241 petition filed in the district of confinement where an appeal of the denial of an identical claim raised in a § 2255 motion by the United States District Court for the Middle District of Florida was pending in the Court of Appeals for the Eleventh Circuit).

Pursuant to 28 U.S.C. § 1631, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." As there is pending in the Court of Appeals for the Ninth Circuit an appeal of a denial of motions raising the same claims as those raised here, it would not be in the interest of justice to transfer this action to the Court of Appeals for the Ninth Circuit. Therefore, the petition shall be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the 28 U.S.C. § 2241 petition for writ of habeas corpus is **dismissed** for lack of jurisdiction.

SO ORDERED THIS 8th day of August, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE