IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALEJANDRO ART SANCHEZ,              )
                                     )
             Petitioner,             )
                                     )
vs.                                  )    Case No. 06-CV-405-TCK-PJC
                                     )
MICHAEL W. ROACH,                    )
United States Marshal,               )
                                     )
             Respondent.             )

## OPINION AND ORDER

By Opinion and Order filed August 8, 2006 (Dkt. # 5), the Court dismissed this is 28 U.S.C. § 2241 habeas corpus action for lack of jurisdiction based on the pendency of an appeal commenced by Petitioner, an inmate appearing *pro se*, in the Ninth Circuit Court of Appeals. In that appeal, Petitioner seeks review of an Order issued by the United States District Court for the Southern District of California rejecting the same issues asserted in this action.[1] On August 16, 2006, Petitioner filed a "motion to alter or amend" (Dkt. # 7). The Court shall adjudicate the motion as a timely Rule 59(e) motion. See Fed. R. Civ. P. 59(e).

In his motion, Petitioner asserts that this Court has jurisdiction to consider his claims because his appeal in the Ninth Circuit Court of Appeals is not currently pending.[2] According to Petitioner, his notice of appeal was untimely. As a result, Petitioner states "the Court of Appeals for the Ninth Circuit has no jurisdiction to review the lower court's decision on the merits where notice of appeal is filed in untimely manner." See Dkt. # 7 at 2. Based on Petitioner's new allegation that the appeal

---

[1] Petitioner challenges the validity of a detainer issued by the United States District Court for the Southern District of California in Petitioner's criminal case, S.D. Calif. Case No. 99-CR-1245.

[2] In his petition (Dkt. # 1), Petitioner indicated the appeal in Case No. 06-50315, is "pending."

is no longer pending, the Court has again reviewed the docket sheets for both the appeal at the Ninth Circuit Court of Appeals, No. 06-50315, and Petitioner's criminal case in S.D. Calif. Case No. 99-CR-1245. The docket sheet for the Ninth Circuit case reflects that the appellate proceedings are presently in abeyance pending resolution of a remand to the District Court for the purpose of affording Petitioner the opportunity to request an extension of the time for filing a timely notice of appeal. The docket sheet for Petitioner's criminal case, S.D. Calif. Case No. 99-CR-1245, see www.sdca.uscourts.gov, reflects that by order filed July 7, 2006, Petitioner was afforded the opportunity to file a motion requesting that the time for filing his notice of appeal be extended for a period not to exceed 30 days. The Order established a deadline of July 24, 2006, for the filing of the motion, directed Petitioner to explain why his failure to file the notice of appeal within 10 days was the result of excusable neglect, and indicated that the Court will issue a ruling on Monday, August 21, 2006, at 2:00 p. m. However, Petitioner has taken no action in response to the Order.

Therefore, contrary to Petitioner's assertion in the motion presently before this Court, as of today's date, the appeal at the Ninth Circuit remains pending. As a result, the Court finds no error in its Order and Opinion dismissing for lack of jurisdiction the § 2241 petition for writ of habeas corpus filed in this Court.[3] Therefore, Petitioner's "motion to alter or amend" shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "motion to alter or

---

[3] Even if the Court accepted as true Petitioner's statement that the appeal is no longer pending, this Court would nonetheless be precluded from considering challenges to the validity of Petitioner's detention that have already been examined and rejected by another District Court. The 28 U.S.C. § 2241 petition filed in this Court raising identical issues previously rejected by the Southern District of California would constitute the functional equivalent of a second or successive habeas corpus petition and would be dismissed pursuant to 28 U.S.C. § 2244(a). In the alternative, this Court would be precluded from considering the claims based on *res judicata*.

amend" (Dkt. # 7) is **denied**.

      SO ORDERED THIS 17th day of August, 2006.

*/s/ Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE